UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTINE MARIA MALFI,
                Petitioner,

-v-

UR M. JADDOU, *et al.*,
                Respondents.

23-CV-5028 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Petitioner Christine Maria Malfi ("Malfi") filed an N-600K naturalization application with the U.S. Citizenship and Immigration Services ("USCIS") on behalf of her daughter Anna Fiorentini. Malfi filed this petition against Respondents Ur M. Jaddou, Susan Quintana, and Merrick B. Garland (collectively the "Government"), seeking a writ of mandamus pursuant to 28 U.S.C. § 1361 to compel the USCIS to adjudicate her N-600K application within a reasonable time. (ECF No. 1.)

      Malfi filed an amended petition on August 18, 2023. (ECF No. 8.) The Government filed a motion to dismiss the petition pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on September 28, 2023. (ECF No. 11.) Malfi filed an opposition to the Government's motion to dismiss on October 2, 2023. (ECF No. 14.) The Government filed a reply in further support of its motion to dismiss on October 5, 2023. (ECF No. 15.)

      On June 3, 2024, the Court directed the parties to file a status report. (ECF No. 16.) The parties submitted a joint status report on June 6, 2024, in which they represent that "while this matter was pending . . . USCIS adjudicated the naturalization application that is the subject matter of this litigation and issued the certificate of citizenship for [Malfi's] daughter." (ECF No. 17 at 1.) The parties further represent that they "agree that Count One of the amended

complaint is moot; however, [Malfi] does not believe that Count Two (declaratory judgment) of the amended complaint is moot. The government believes that the request for declaratory relief is moot for the reasons already given in its motion papers." (*Id.*)

Because Malfi's request for a writ of mandamus is moot, so too is Malfi's request for declaratory relief.  A court "may declare the rights and other legal relations of any interested party seeking such declaration," but only "[i]n a case of actual controversy within its jurisdiction."  28 U.S.C. § 2201(a).  The dispute must be "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts."  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (internal citations and quotation marks omitted). Malfi seeks declaratory relief to prevent USCIS from "unlawfully delay[ing] any future N-600K application to be filed by her on behalf of any other child she may conceive or adopt." (ECF No. 14 at 6.)  Malfi's claim for declaratory relief fails for being insufficiently definite and concrete as it is based on a hypothetical state of facts.  The Court therefore dismisses Malfi's claim for declaratory relief.

The Government's motion to dismiss at ECF No. 11 is GRANTED.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: June 18, 2024
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　J. PAUL OETKEN
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

2